Pearson, O. J.
 

 This is debt for $12,006, claimed as penalties for transporting persons and property across the Roanoke river at Gaston, contrary to the statute, Revised Code, c. 101, s. 30.
 

 The statute provides: “ If any
 
 unauthorized
 
 person shall pretend to keep a ferry, or to transport for pay any person and his effects, within ten miles of any ferry on tiro same river or water, which theretofore may have been appointed, he shall forfeit and pay two dollars for every such offence, to the nearest ferryman.”
 

 ■ The old Raleigh and Gaston Rail Road Company was in
 
 *360
 
 corporated in 1835, and was authorized to construct a railroad from some point in or near the city of Ealeigh to some point at or near Gaston, on the north side of the Eoanoke river, heretofore called Wilkins’ Ferry, and “to provide everything necessary and convenient for the purpos'e of transportation on the same.” Out of abundant caution the railroad company paid to Wilkins the sum of three thousand dollars, in satisfaction of the damages he claimed by reason of his ferry. The plaintiff is the lessee of Wilkins, and stands in his place in reference to the .ferry.
 

 The old company failed and was bought out by the State, and, in 1852, the present Ealeigh and Gaston Eail Eoad Company was incorporated, and the State transferred to it the road, property and rights of the old company. In 1865 the E- E. bridge at Gaston was burned down by order of the military authority, and the E. E. Company then used boats to transport their passengers and freight across the river at the nearest convenient points below the site of the bridge.
 

 I have stated the facts, because, as it seems to the court, a mere statement is sufficient to show that the plaintiff cannot maintain his action. There is no error.
 

 The question is, are the defendants “
 
 unauthorized
 
 persons”? Clearly not, for the charter gives the company full authority to transport its passengers and freight across the river at or near Gaston, and the legal effect of the acts of incorporation is to repeal the act under which the plaintiff claims thfe penalties in respect to the ferry at Gaston, and to make a special exemption in favor of the E. E. Company, as much so as if a proviso to that effect had been inserted in the general statute. The power of the Legislature to repeal an act imposing penalties, or to make exceptions to its operation, was not questioned in the argument, and is in fact too clear for discussion.
 

 After the bridge was destroyed the E. E. Company was required and authorized by the acts of incorporation ‘to
 
 *361
 
 adopt all necessary and convenient means to transport its passengers and freight across the river, and this authority had reference to a convenient place near the site of the bridge, as well as the kind of boats to be used. So the company was not put in the dilemma either to leave its passengers and freight on the river bank or else to submit to such terms as the plaintiff, who was the lessee of Wilkins” Ferry, might see proper to impose. What injury was done to the plaintiff by the fact that the Company had to resort ■to boats until the bridge could be rebuilt ? None whatever, for the use of its boats was confined exclusively to the transportation of passengers and freight; so the plaintiff stands in the attitude of one seeking to enforce penalties because he was not permitted to take benefit from the misfortune of others.
 

 We deem it unnecessary to notice the many points that were discussed in the learned arguments with which the court was favored.
 

 Per Curiam. Judgment affirmed.